No. 6358.

## SAMUEL JEROLLEMAN vs. AMERICAN AUTOMOBILE INSURANCE CO.

### Syllabus.

1. An oral contract of insurance is valid.

2. A policy of insurance may be "submitted" by an agent as evidencing a mere proposal to insure, requiring some act of acceptance to give it effect; or it may be "submitted" as embodying the agent's conception of an existing contract of insurance which the party to whom it is submitted had theretofore orally effected with the agent.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 107,785. Honorable T. C. W. Ellis, Judge.

L. H. Burns, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendant appeals from a judgment awarding plaintiff $500.00 for the total destruction of an automobile which plaintiff asserts was insured for that amount by defendant.

The one point in the case is whether or not a contract of insurance existed between the parties at the time the loss occurred, namely, on the night of October 18th.

There were but two witnesses heard, plaintiff and the agent of defendant. They both agree that about nine o'clock of the morning of October 18th the agent called upon plaintiff, who had just purchased the "Ford" automobile, and solicited him to insure it under a special form

of policy issued by defendant for cars of that make. They likewise are in accord in stating that the nature, term and amount of the policy and the premium to be paid were thoroughly discussed and all matters explained in minute detail. Beyond this their statements do not agree.

On the one hand, plaintiff testifies that the policy and terms offered were satisfactory to and accepted by him and that they then and there concluded the contract of insurance, the agent stating the car was insured from noon of that day and that he would forward the policy immediately upon his return to the office. On the other hand, the agent denies that a bargain was concluded; but states that on the contrary plaintiff demanded further time to consider the matter and that the interview was concluded with no other understanding than that a policy would be sent at once to plaintiff for his consideration and acceptance.

These additional incidents may be noted: that about noon of the 18th, shortly after this conversation occurred, the agent did in fact mail the policy to plaintiff, who, however, did not receive it until the following day, that is, not until the morning after the car had been destroyed.

If, as appears from plaintiff's testimony, the contract of insurance was effected at the interview on the morning of the 18th, his right of recovery is established, for the fact that the contract was oral in no manner affects its validity.

### Stockton vs. Insurance, 33 La. An., 580.

The trial Court accepted plaintiff's version of the transaction as the more credible, and our consideration of the testimony of the two witnesses and of the circumstances presented leads us to a like conclusion.

The policy itself indicates that the negotiations had passed beyond the inchoate stage and had culminated in a completed contract. Upon its face it is an ordinary existing contract of insurance duly executed by the authorized officers and agents of defendant and not a mere proposal. The policy, containing the printed recital that it "shall not be binding upon the company until countersigned by a duly authorized agent of the company," is in fact so countersigned and the assumption that the minds of the parties had met finds further support in the fact that the fixed form of the policy, which is headed "special complete Ford policy," is nowhere varied, cancelled or erased.

Moreover, plaintiff's testimony is corroborated by the declaration in the policy itself to the effect that, in consideration of the premium of $42.50, the car is insured for a period of one year from noon of October 18th, the date the policy bears.

And this declaration has an additional significance; for if, as defendant contends, the risk was not to begin until acceptance, the result would be that defendant intended charging and plaintiff intending paying for insurance during a period when none existed, for it is clear that in the nature of things it was impossible for plaintiff to accept the policy at noon of October 18th, the time when the premium charge and term began.

That the transaction had been concluded and that the policy mailed was not intended as a mere form, sample or proposal, is indicated likewise by its detailed specifications concerning the risk. There is enumerated therein the name, number and type of the car; the date of its purchase and the purchase price; the fact that it was new; the place where it was kept; the nature of the business of

the owner and his place of residence; the fact that the car was for private use, that it had been paid for and was unencumbered; that the assured had never been involved in a motor accident, etc. It is unlikely that a mere tentative proposal would be thus needlessly encumbered with such details.

When the policy was mailed to plaintiff it was accompanied by a letter from defendant's agent wherein he states that the policy is "submitted as per conversation with the writer this morning." And this statement is relied upon by defendant as corroborating the agent's testimony, the argument being that the word "submitted" necessarily implies that a mere proposal was presented and that an acceptance was required.

In this view we do not concur, for one may submit a document so constituting a completed contract as well as evidencing a mere proposal. The verb "to submit" is frequently and was here employed as meaning "to present as one's own opinion or statement;" and in this instance the agent "submitted" the document not as evidencing a proposed policy or a mere offer to insure, but rather as an instrument embodying, according to his opinion and conception, the existing and binding contract that the parties had theretofore made. See Standard Dictionary, verbo: Submit.

We find no error in the judgment, and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 2rd, 1915.

Rehearing refused, May 17th, 1915.